UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

| CHRIS HINRICHS and, | Case No. 16-CV-1284-PP |
| AUTOVATION LTD | |

Plaintiffs,

v.

DOW CHEMICAL CO.
D/B/A DOW AUTOMOTIVE,

Defendant.

---

**ORDER GRANTING PLAINTIFFS'
MOTION FOR REMAND (DKT. NO. 11) AND DECLINING TO RULE ON THE
DEFENDANT'S MOTION TO DISMISS DUE TO LACK OF JURISDICTION
(DKT. NO. 19)**

---

Plaintiffs Chris Hinrichs and Autovation Limited filed suit in Waukesha County Circuit Court against defendant Dow Chemical Company, seeking damages on claims of negligent misrepresentation, intentional misrepresentation, strict responsibility misrepresentation, and violation of Wis. Stat. §100.81(1). Dkt. No. 1-1 at 4. The defendant removed the case to this court. Dkt. No. 1. The plaintiffs filed a motion for remand. Dkt. No. 11. Less than a month after the plaintiffs filed their remand motion, the defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 19. The court will grant the motion for remand, and declines to rule on the motion to dismiss given its lack of jurisdiction.

## I. FACTUAL BACKGROUND

Plaintiff Hinrichs developed and owns the patent for JeeTops—"custom, premium skylight panels built for Jeep Wranglers equipped with Freedom Top hardtops." Dkt. No. 1-1 at 5-6. He is also the sole owner of Autovation Limited, which "for a period of time had a license to manufacture, distribute, and install JeeTops panels." Id. at 6. In 2013, the defendant informed plaintiff Heinrichs that there was a "potential new Dow primer for use with the Dow adhesive employed in installing JeeTops panels;" the Dow representative who told the plaintiff about the new primer indicated that the defendant was going to test the primer "with the acrylic used in the JeeTops product." Id. at 7. Shortly afterward, plaintiff Heinrichs informed the representative "that some customers were experiencing cracks in their JeeTops panels that had been installed using Dow adhesives." Id. The representative responded that the acrylic had been sent to the defendant's labs for testing. Id.

In the fall of 2013, the defendant produced a report of the lab testing, which indicated that the adhesive was "properly functioning on the acrylic used by" plaintiff Heinrichs, and that "'[n]o evidence of any crazing or surface cracking was observed.'" Id. at 8. The plaintiffs allege that, in contrast to this report, "even more JeeTops purchasers started experiencing cracks in the product." Id. The defendant continued to look for "the root cause of the issue," but by October 2014, the plaintiffs allege, "one-third of all JeeTops panel installations using Dow's BetaPrime 5504G and BetaTech Plus adhesive system had failed." Id. By the time the plaintiffs determined the source of the problem

2

and replaced the adhesive, "the negative publicity attendant on the failure of the JeeTops panels after being attacked by the Dow adhesive destroyed [plaintiff Hinrichs'] ability to sell new product." Id. at 9. Consequently, the plaintiffs allege that the defendant's misrepresentation prevents them from selling the JeeTops with the replaced adhesives. Id. at 10.

## II. DIVERSITY JURISDICTION FACTS

Plaintiff Hinrichs resides in Delafield, Wisconsin. Id. at 5. The plaintiffs allege in the complaint that plaintiff Autovation is a Delaware corporation, with its principal office located in Wisconsin. Id. The complaint asserts that the defendant is a foreign corporation with its principal office located in Michigan. Id.

The defendant's notice of removal states that the "[d]efendant is a Delaware corporation, with its principal place of business in Michigan." Dkt. No. 1 at 2. Paragraph 5 of that notice of removal says, "According to Plaintiffs' Complaint, . . . Plaintiff Autovation Limited is a Delaware corporation with its principal office located in Wisconsin." Id. at 2, ¶5. The defendants did not challenge Autovation's Delaware citizenship in the notice of removal.

In paragraph 7 of that same notice of removal, however, the defendants stated:

> This court has original jurisdiction of this action pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is therefore greater than the jurisdictional threshold for diversity jurisdiction. In addition, Plaintiffs are a Wisconsin resident and *a Wisconsin corporation*, respectively, and Defendant is a Delaware corporation, with its principal place of

3

business in Michigan, meaning there is complete diversity of citizenship between the parties.

Dkt. No. 1 at 2 (emphasis added).

The plaintiffs base their motion for remand on the fact that both plaintiff Autovation and defendant Dow are corporate citizens of Delaware; thus, they argue, the parties are not diverse, and this court does not have jurisdiction. Dkt. No. 13 at 1. In its opposition to remand, the defendant—who knew as of the time of removal that Autovation claimed Delaware citizenship, and did not contest it at that time--argued that the plaintiff "improperly joined" Autovation, and that Autovation "has no colorable claim for relief, meaning that the Court should ignore Autovation's purported citizenship and retain jurisdiction." Dkt. No. 15 at 1.

### III. LAW GOVERNING REMOVAL

Under 28 U.S.C. §1441, a defendant may remove a case from state court to federal court where the district court has original jurisdiction. District courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs, and is between "citizens of a State and citizens or subjects of a foreign State." 28 U.S.C. § 1332(a)(2).

> Section 1332 requires complete diversity: no plaintiff may be a citizen of the same state as any defendant. Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 829, 109 S. Ct. 2218, 104 L.Ed.2d 893 (1989). A corporation is a citizen of any state in which it is incorporated, and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). A natural person is a citizen of the

4

> state in which she is domiciled. Gilbert v. David, 235 U.S. 561, 568–69, 35 S. Ct. 164, 59 L. Ed. 360 (1915). …[D]iversity must exist both at the time of the original filing in state court and at the time of removal. See Thomas v. Guardsmark, Inc., 381 F.3d 701, 704 (7th Cir. 2004) (quoting Kanzelberger v. Kanzelberger, 782 F.2d 774, 776 (7th Cir.1986)).

Altom Transp., Inc. v. Westchester Fire Ins. Co., 823 F.3d 416, 420 (7th Cir. 2016). The party seeking to invoke federal jurisdiction, not the party moving to remand, bears the burden of demonstrating jurisdiction. Boyd v. Phoenix Funding Corp., 366 F.3d 524, 529 (7th Cir. 2004).

### IV. DISCUSSION

The defendant argues that, despite the fact that the pleadings indicate that both plaintiff Autovation and defendant Dow are corporate citizens of Delaware, the court should find that diversity jurisdiction exists. Dkt. No. 15. The defendant asserts two legal theories in support of this argument: (1) the "real party in interest" doctrine, and (2) the fraudulent joinder doctrine. Id. at 8.

    A.   *The Real Party in Interest Doctrine Does Not Provide a Basis for This Court to Ignore the Lack of Diversity Jurisdiction.*

The complaint and the notice of removal—the pleadings—indicate that Autovation and the defendant were not diverse as of the time of removal.[1] A

---

[1] The complaint identified Autovation's corporate citizenship as being in Delaware. Dkt. No. 1-1 at 5. It did not list the corporate residence of the defendant—it identified the defendant as a "foreign company with its principal office located [in] . . . Michigan . . . ." Id.. This is understandable—the plaintiff did not need to prove diversity jurisdiction in state court. The notice of removal, however, in accordance with Civil Local Rule 8 of the Eastern District of Wisconsin, states that the defendant's corporate citizenship is in Delaware.

5

court determining diversity citizenship looks first to the complaint, "accepting as true all well pleaded allegations and the inferences that may be reasonably drawn from those allegations." CCC Information Serv's, Inc. v. American Salvage Pool Ass'n, 230 F.3d 342, 346 (7th Cir. 2000) (citations omitted). "[T]he Supreme Court has rejected the theory that the federal courts, when assessing their jurisdiction, should look beyond the pleadings to discovery unnamed real parties in interest." PNC Bank, N.A. v. Spencer, 763 F.3d 650, 654 (7th Cir. 2014 ) (citations omitted). Here, the complaint and the notice of removal establish that there was no diversity jurisdiction as of the date of removal. The defendant, however, asks the court to look beyond these pleadings, and to conclude that Autovation has no real interest in the outcome of the case. Dkt. No. 15 at 8.

"[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980) (citation omitted). "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Id. That is why "the citizenship of the real party in interest is determinative when deciding whether the district court has diversity jurisdiction." American Salvage, 230 F.3d at 346 (citations omitted). See also, Northern Trust Co. v. Bunge Corp., 899 F.2d 591, 594 (7th Cir. 1990) ("The Supreme Court has established that the relevant citizens for diversity purposes must be 'real and substantial parties to the controversy,'" citing Navarro

---

Dkt. No. 1 at 2. At the time of removal, then, there were pleadings on the record demonstrating that Autovation and Dow both were citizens of Delaware.

6

Savings Association v. Lee, 446 U.S. 458, 460 (1980)). "[A] party who has no real interest in the outcome of the litigation should not be able to use its citizenship to transform a local controversy into a federal case." American Salvage, 230 F.3d at 346 (citations omitted).

In its brief opposing the motion for remand, the defendant argues that Autovation does not have a real interest in the outcome of the case, because, among other things: Autovation is "only" the parent company of what the defendant argues is the proper corporate plaintiff (JeeTops); Autovation hasn't filed "anything" with the state of Delaware since 2006, and is not a recognized Delaware corporate entity; the Wisconsin Department of Financial Institutions has no record of Autovation being licensed to do business in Wisconsin; and it is plaintiff Hinrichs, not Autovation, who owns the patent for the JeeTops product. Dkt. No. 15 at 1-2. The defendant says that it notified the plaintiffs' counsel of these issues, and that it has asked the plaintiffs to produce documents to show that Autovation is a real party in interest; it asserts that the plaintiffs have produced nothing. Id. at 2-3. The defendant urges the court either to deny the motion to remand, or to defer ruling on the motion until the parties can conduct jurisdictional discovery. The plaintiffs respond that the Autovation *is* a real party in interest, disputing all of the defendant's factual assertions as to Autovation's status as a Delaware corporation, its status re: JeeTops, and its status re: plaintiff Heinrichs. Dkt. No. 22.

As the court indicated above, the defendant—Dow—bears the burden of demonstrating that subject-matter jurisdiction exists here. See Boyd v. Phoenix

7

Funding Corp., 366 F.3d 524, 529 (7th Cir. 2004). More specifically, "a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006).

The defendant's assertion that Autovation has not provided proof that it is the real party in interest turns the removal burden of proof on its head. The defendant attempts to use the real party in interest doctrine to shift the burden to the plaintiffs to prove that Autovation is a real party in interest, and therefore that there is no diversity and that the court should remand the case. The law unequivocally states otherwise. It is disingenuous for the defendant to remove the case to federal court (while knowing, because it stated as much in the notice of removal, that one of the plaintiffs was not diverse), and then use an objection to remand to shift the burden of jurisdictional proof onto the plaintiffs.

Because the burden remains firmly on the defendant, the court looks at whether the defendant has proven by a preponderance of the evidence the factual allegations it raised in its objection to remand. It has not. In its opposition to remand, the defendant made a number of factual assertions. It also provided attachments to its opposition brief: The State of Delaware's 2006 annual franchise tax report for Autovation indicates that it owed $164.06 in corporate franchise tax (dkt. no. 17-1 at 2), and a Delaware "entity details" document from October 2016 shows that Autovation last filed an annual report

8

in 2006, that it owed $525 in corporate taxes, and that its status was "Void, AR's or Tax Delinquent," dkt. no. 18-1 at 1.

Those two attachments constitute the only "proof" the court has before it regarding the contested material factual allegation that Autovation is a citizen of Delaware. Those two attachments do not prove by a preponderance of the evidence that Autovation is not a corporate citizen of Delaware. The documents do not demonstrate that Autovation has been dissolved, or that Delaware has withdrawn Autovation's corporate citizenship. They show only that, as of the date the defendant obtained them, Autovation was delinquent in filing its annual reports and paying its corporate taxes.

The "proof" the defendant provides to support its argument that JeeTops, not Autovation, is the proper corporate party is its assertion that JeeTops' website (as of October 27, 2016) contained a reference to "JeeTops and its parent company, Autovation Limited." Dkt. No. 15 at 4. Even if JeeTops' web site did, at one time, contain such a statement (and as of the date of this order, it does not), that does not "prove" that Autovation is "only" JeeTops' parent company. The defendant does not provide any documents showing that JeeTops is a corporation (and the plaintiffs have responded that JeeTops is not a corporation, but a product, dkt. no. 22 at 7-8). JeeTops could assert on its web site that it is an elephant; that would not prove that it is an elephant. Absent proof that JeeTops is a corporation, the alleged existence of a phrase on a website is not a reason for the court to ignore the lack of diversity jurisdiction.

The court could similarly address the defendant's other assertions—that because Hinrichs, and not Autovation, holds the patent on JeeTops, that Autovation is not a real party in interest; that because the complaint did not allege that Autovation had a license to "do anything" with the patent during the time period relevant to the complaint, Autovation had no claim; that because at one point the complaint refers to "plaintiff" singular, rather than "plaintiffs" plural, the plaintiffs have admitted that there is only one valid plaintiff; and that because court records indicate that at various times, JeeTops and Autovation have been separate litigants in state court, Autovation is not the appropriate defendant. Dkt. No. 15 at 1-2. It need not, because the assertions are just that--assertions. Some of the arguments the defendant makes relating to those assertions border on absurd (the argument that the plaintiffs called themselves "plaintiff" in one place in the complaint); others are arguments in support of a motion to dismiss for failure to state a claim. But none of these unsupported assertions constitute proof that Autovation is diverse for purposes of jurisdiction. Nor do they constitute proof that Autovation is not a real party in interest, such that the court should ignore the lack of diversity. Dow was not diverse to Autovation as of the date of removal, which means that this court does not have diversity jurisdiction and must grant the motion for remand.

    B.    *The Fraudulent Joinder Doctrine Does Not Provide a Basis for this Court to Ignore the Lack of Diversity Jurisdiction.*

Perhaps suspecting that its real party in interest argument would fail, the defendant provides an alternate argument for its claim that diversity

jurisdiction exists—it argues that Hinrichs fraudulently joined Autovation in order to destroy diversity. Dkt. No. 15 at 8.

The Seventh Circuit has explained that "[a] plaintiff typically may choose its own forum, but it may not join an nondiverse defendant simply to destroy diversity jurisdiction." Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 763 (7th Cir. 2009) (citing Schwartz v. State Farm Mut. Auto. Ins. Co., 174 F.3d 875, 878 (7th Cir. 1999). The fraudulent joinder doctrine prevents non-diverse defendants from using this kind of trickery to avoid being haled into federal court, by "permit[ting] a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" Id. (quoting Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)).

Here, however, it is the *defendant*—Dow—who argues that the *plaintiff*—Hinrichs—fraudulently joined another plaintiff—Autovation. The question of whether a *defendant* could use the fraudulent joinder doctrine against a *plaintiff* arose before the district court for the Southern District of Illinois in Reeves v. Pfizer, Inc., 880 F. Supp. 2d 926, 928 (S.D. Ill. 2012). Judge Murphy declined to apply the doctrine in that context, stating that "[w]hile some district courts have found that fraudulent joinder can apply to both defendants and plaintiffs, the Seventh Circuit has never affirmatively addressed this issue." Id. (collected case cites omitted). Unless and until the Seventh Circuit expanded the fraudulent joinder doctrine to plaintiffs, Judge Murphy indicated, he would

11

not so expand it. Id. Judge Murphy issued this ruling in July 2012; as far as this court can find, the Seventh Circuit has not expanded the fraudulent joinder doctrine to plaintiffs in the five years since.

The defendant's brief gives the misleading impression that the Seventh Circuit *has* applied the fraudulent joinder doctrine to plaintiffs, by citing a case involving assignment of rights for the purpose of invoking or avoiding federal court jurisdiction. Dkt. No. 15 at 9-10. The defendant cited Travelers Property Casualty v. Good, 689 F.3d 714, 723 (7th Cir. 2012), in which the Seventh Circuit held that "[w]hen assignments of rights seem to have the effect of creating diversity jurisdiction, federal courts give them close scrutiny for signs of attempts to manipulate the choice of forum." The defendant has presented no evidence that Hinrichs somehow assigned rights to Autovation in order to destroy diversity jurisdiction. Travelers does not apply.

The defendant also urges the court to "pierce the pleadings, consider the entire record, and determine, by any means available, including through remand-related discovery, whether the joinder was appropriate." Dkt. No. 15 at 10. In support of this argument, the defendant cites Judge Warren's decision in Poulas v. NAAS Foods, Inc., 132 F.R.D. 513 (E.D. Wisc. 1990). It is true that Judge Warren said as much, id. at 517 (quoting Rose v. Giamatti, 721 F. Supp. 906, 914 (S.D. Ohio, 1989)). But the defendant ignores the preceding paragraphs of the decision—Judge Warren's recitation of the standard district courts must employ in evaluating fraudulent joinder cases: "The district court must . . . evaluate all of the factual allegations in a light most favorable to the

12

plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. Moreover, the district court must resolve any uncertainties in controlling substantive law in favor of the plaintiff." Id. (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549-50 (5th Cir. 1981)).

The defendant invites this court to unilaterally expand the fraudulent joinder doctrine beyond the boundaries of the Seventh Circuit's rulings, and then to send the parties into a discovery skirmish that relates less to jurisdiction and more to the question of whether Autovation has stated a claim upon which relief can be granted. The court declines that invitation.

C. *The Court Will Grant the Plaintiff's Request for Costs and Fees.*

The plaintiffs seek an award of costs and attorney's fees because the defendant did not meet its burden to show jurisdiction. Dkt. No. 13 at 3. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

The court agrees with the plaintiffs that costs and fees are appropriate. The complaint alleged that Autovation and Dow were diverse. As the court has noted, Dow itself stated that fact in the notice of removal, and did not contest it. Only after the plaintiffs pointed out the obvious in their motion to remand did the defendant challenge Autovation's citizenship, and the challenge was less than compelling. The defendant bears the burden of proof, but has

13

produced no proof that Autovation is not a citizen of Delaware. The court will grant the plaintiffs' request for just costs and actual expenses, including attorneys' fees.

    D.    *The Court Cannot Rule on the Defendant's Motion to Dismiss.*

As indicated, the defendant filed a motion to dismiss under Rule 12(b)(6), arguing that the plaintiffs had failed to state claims upon which relief could be granted. Dkt. No. 19. Because this court does not have subject matter jurisdiction, the court declines to rule on that motion.

**V.    CONCLUSION**

The court **GRANTS** the plaintiffs' motion for remand. Dkt. No. 11. The court **ORDERS** that this case is **REMANDED** to the Waukesha County Circuit Court for further proceedings. The court **GRANTS** the plaintiffs' request for an award of fees and costs, dkt. no. 11, and **ORDERS** that the plaintiffs shall file their fee application by **Friday, July 21, 2017**. The court **DECLINES TO RULE** on the defendant's motion to dismiss. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 26th day of June, 2017.

                                          **BY THE COURT:**

                                          **HON. PAMELA PEPPER**
                                          **United States District Judge**